UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>v.<br><br>KEITH MICHAEL ANDERSON,<br><br>                        Defendant. | Case No. 10cr2333-MMA<br><br>**ORDER RE: DEFENDANT'S MOTION FOR JUDICIAL RECOMMENDATION**<br><br>[Doc. No. 58] |

On February 22, 2011, Defendant Keith Michael Anderson pleaded guilty to a single-count Superseding Information charging him with sexual exploitation of a minor in violation of Title 18, United States Code, section 2251(a). *See* Doc. No. 36. The Court sentenced Defendant to the mandatory-minimum custodial term of 180 months. *See* Doc. No. 56. Defendant is currently set to be released from the Bureau of Prisons' custody on February 7, 2023.[1] Defendant, proceeding *pro se*, now moves this Court for a recommendation to the Director of the Bureau of Prisons that Defendant be housed in a Residential Reentry Center for the maximum term of twelve months preceding the end of his sentence. *See* Doc. No. 58. Defendant requests the Court recommend placement in the Eastern District of Texas where he has the support of family and his spiritual advisor.

---

[1] *See* Federal Bureau of Prisons Online Inmate Locator, available at https://www.bop.gov/inmateloc (last visited 7/16/2020).

Defendant further seeks transfer of his supervision to the Eastern District of Texas. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion.[2]

## DISCUSSION

It is incumbent on the Director of the Bureau of Prisons to "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). This may include transfer to a "community correctional facility," *id.*, often referred to as either a Residential Reentry Center ("RRC") or halfway house. The decision to transfer an inmate to an RRC during the final months of imprisonment lies within the sound discretion of the Bureau of Prisons. *See Rodriguez v. Smith*, 541 F.3d 1180, 1184-88 (9th Cir. 2008). Although sentencing courts lack the authority to designate the location of a defendant's confinement or placement in a particular facility, a district court may recommend "a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4)(B). An RRC is a qualifying facility and the Ninth Circuit has indicated that district courts have "the authority to make (or not make) non-binding recommendations to the Bureau of Prisons at any time . . .." *United States v. Ceballos*, 671 F.3d 852, 856 n.2 (9th Cir. 2011).

While Congress invested the Bureau of Prisons with sole authority over the placement of federal inmates, it also recognized that sentencing courts would be in a unique position to make well-supported recommendations regarding placement at the end of a defendant's term of incarceration. Defendant has articulated multiple factors favoring his request and provided supporting documentation of his accomplishments during his lengthy term of incarceration. Furthermore, the Court notes that special

---

[2] The Court finds this matter suitable for determination without a response from the government.

condition number 14 of Defendant's supervised release requires him to reside in an RRC for a period of up to 120 days.  *See Judgment*, Doc. No. 56 at 5.  Accordingly, placement in an RRC prior to the commencement of his supervision seems appropriate and the Court will so recommend.  However, the Court defers to the Bureau of Prisons' determination as to the appropriate period of months.

To the extent Defendant requests transfer of his supervision to the Eastern District of Texas, the request is premature.  As explained above, the Bureau of Prisons retains ultimate authority over Defendant's placement during the final months of his custodial term.  And while the Court acknowledges that living in San Diego may prove challenging for Defendant given the nature of his offense and identity of the primary victim of Defendant's criminal conduct, the conditions of Defendant's supervised release currently require him to reside in the Southern District of California.  Upon completion of Defendant's custodial term, he may request modification of those conditions to permit residence in, and have supervision transferred to, another judicial district.  *See* 18 U.S.C. § 3605 ("A court, after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court.").

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion.  The Court **RECOMMENDS** to the Director of the Bureau of Prisons that Defendant be placed in an RRC for some period of months, not to exceed the statutory maximum, prior to the end of his custodial term.  The Court declines to make any further recommendations regarding Defendant's placement.

**IT IS SO ORDERED**.

DATE: July 17, 2020

HON. MICHAEL M. ANELLO
United States District Judge